UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY L. DEMYERS,

    Plaintiff,                         CIVIL ACTION NO. 14-CV-13543

vs.                                     DISTRICT JUDGE GEORGE CARAM STEEH

                                         MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

### REPORT AND RECOMMENDATION

Plaintiff Amy Demyers seeks judicial review of Defendant the Commissioner of Society Security's determination that she is not entitled to Social Security benefits for her physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 13) and Defendant's Motion for Summary Judgment (docket no. 14). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

**I.    Recommendation**

The undersigned recommends that Plaintiff's Motion for Summary Judgment [13] be DENIED and that Defendant's Motion for Summary Judgment [14] be GRANTED.

**II.    Procedural History**

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security

1

Income with protective filing dates of July 15, 2008, alleging that she had been disabled since July 1, 1997, due to depression, bipolar disorder, and hepatitis C. (*See* TR 29, 31.) The Social Security Administration denied benefits. (*See* TR 29.) Plaintiff then requested a *de novo* hearing, which was held on May 18, 2010, before Administrative Law Judge (ALJ) Ethel Revels, who subsequently found that Plaintiff was not entitled to benefits because she was capable of performing a significant number of jobs in the national economy. (TR 29-38.) The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced this action for judicial review. The parties then filed their instant Motions.

### III. Plaintiff's Testimony, Medical Evidence, and Vocational Expert Testimony

Plaintiff (docket no. 13 at 10-2), Defendant (docket no. 14 at 5-16), and the ALJ (TR 33-36) each set out a detailed factual recitation with regard to Plaintiff's medical record, the vocational expert's testimony, and Plaintiff's hearing testimony. There are no material inconsistencies between these accounts; therefore, the undersigned will incorporate these factual recitations by reference. Nevertheless, the undersigned has conducted an independent review of Plaintiff's medical record and the hearing transcript and will include comments and citations as necessary throughout this Report and Recommendation.

### IV. Administrative Law Judge's Determination

The ALJ found that Plaintiff met the insured status requirements of the Act through September 30, 1997; that she had not engaged in substantial gainful activity since July 1, 1997, her original alleged onset date; and that she suffered from severe bipolar disorder, major depression, and hepatitis C. (TR 31.) The ALJ then found that her impairments did not meet or equal those listed in the Listing of Impairments. (TR 31-33.) The ALJ found, however, that Plaintiff's

allegations regarding the extent of her symptoms were not wholly credible and that Plaintiff could perform a full range of work at all exertional levels with the following nonexertional limitations:

> [D]ue to her mental impairments, claimant has moderate limitations in her ability to maintain concentration for extended periods and moderate limitations in ability to understand, remembers, and carry out detailed instructions, therefore, all work be (sic) simple repetitive tasks. The work must also be low stress i.e., no working with the general public; no work at a production pace.

(TR 33-36.) The ALJ then determined, in reliance on the VE's testimony, that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 37.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act from July 1, 1997, through the date of her decision. (TR 29.)

**V.    Law and Analysis**

    **A.    Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by

4

substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C. Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff argues that this matter should be reversed or, in the alternative, remanded because (1) the ALJ failed to properly evaluate Plaitniff's mental RFC under SSR 96-8p; and (2) the ALJ failed to give proper weight to the opinions of Plaintiff's treating physician, Dr. Soverinsky. (Docket no. 13 at 14-19.)

### 1. The ALJ's Mental RFC Assessment

Plaintiff asserts that with regard to her mental RFC, the ALJ failed to address her "ability to

5

understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." (Docket no. 13 at 16.) Plaintiff contends that this failure is a violation of SSR 96-8p, which requires that a claimant's mental limitations "must be expressed in terms of work-related functions;" SSR 96-8p further notes that "work-related mental activities generally required by competitive, remunerative work include [the abilities noted above]." Nevertheless, "[a]lthough a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing." *Delgado v. Comm'r of Soc Sec.*, F.App'x 542, 547-48 (6th Cir. 2002) (quoting *Bencivengo c. Comm'r of Soc. Sec.*, No. 00-1995, 251 F.3d 153 (Table) (3d Cir. Dec. 19, 2000)). Moreover, an ALJ is not required to include in a plaintiff's RFC those limitations that he does not find credible. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)

Here, the ALJ included in his RFC those limitations that he found credible: (1) moderate limitations in her ability to maintain concentration for extended periods; (2) moderate limitations in ability to understand, remember, and carry out details instructions; and (3) work must also be low stress with no working with the general public and no work at a production pace. (TR 33.) The ALJ found that Plaintiff's allegations of further limitations were not credible. Thus, the ALJ did not err in failing to specifically discuss those limitations that did not apply to Plaintiff. Therefore, Plaintiff's Motion should be denied with regard to this issue.

### 2. The ALJ's Review of Dr. Soverinsky's Opinion

The ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the other substantial

evidence in the record. 20 C.F.R. § 404.1527(c)(2). But it is equally well settled that the ultimate issue of disability is reserved to the Commissioner and not the treating or examining physician. *Kidd v. Comm'r*, 283 Fed. Appx. 336, 341 (6th Cir. 2008). Thus, when a medical or non-medical source offers an opinion on "an issue reserved to the Commissioner, such as whether the claimant is disabled, the ALJ need not accord that opinion controlling weight." *Id.* (citing *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007)). The opinion of an examining source is generally accorded more weight than is the opinion of a source who did not examine the claimant. 20 C.F.R. § 404.1527(c)(1). The opinion of a state agency medical or psychological consultant is reviewed in the same manner as is the opinion of a nonexamining physician or psychologist. 20 C.F.R. §404.1527(e).

Additionally, the Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. § 404.1527(c)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson v. Comm'r*, 378 F.3d 541, 544 (6th Cir. 2004) (citing Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *5 (1996)). If the opinion of a treating source is not afforded controlling weight, an ALJ must apply certain factors in determining what weight to give the opinion, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source. *Wilson*, 378 F.3d at 544 (citation omitted). Even then, a finding that a treating-source medical opinion is not well supported by medically

7

acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to controlling weight, not that the opinion should be rejected. Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *4. Notably, though, "it is not the Court's job to conduct a *de novo* review of the evidence or to rubber stamp the ALJ's decision. The Court must ensure both that the ALJ applied the correct legal standard and that his decision is supported by substantial evidence. *See Christephore v. Commissioner of Social Sec.*, No. 11-13547, 2012 WL 2274328, *6 (E.D. Mich. June 18, 2012) (Roberts, J.)

Nevertheless, the Sixth Circuit has upheld the decision of an ALJ which gave less than controlling weight to a treating physician without specifically analyzing the factors set forth in 20 C.F.R. § 404.1527(c) where the ALJ provided "good reason" for the decision. *See Infantado v. Astrue*, 263 Fed.Appx. 469, 473-74 (6th Cir. 2008). There is no per se rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. § 404.1527(c)(2)-(6). *Norris v. Comm'r*, No. 11-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r*, 394 Fed. Appx. 216, 222 (6th Cir. 2010)). Moreover, an ALJ's failure to discuss the factors of § 1527(c)(2)-(6) may constitute harmless error (1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the Commissioner has met the goal of [Section 1527(c)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Nelson v. Comm'r*, 195 Fed. Appx. 462, 470 (6th Cir. 2006) (citing *Wilson v. Comm'r*, 378 F.3d 541, 547 (6th Cir. 2004)).

Here, while acknowledging that Dr. Soverinsky was Plaintiff's treating physician, the ALJ gave the doctor's opinion "little weight." (TR 35.) Plaintiff contends that the ALJ erred in failing to give greater weight to Dr. Soverinsky's opinion. (Docket no. 13 at 18-19.) But Plaintiff does not develop this argument, instead primarily arguing that the ALJ's decision failed to provide a sufficient analysis with regard to her decision. (*Id.*)

The ALJ discussed Dr. Soverinsky's opinion as follows:

> In a letter dated January 26, 2009, Dr. Soverinsky, opines, that claimant is disabled from all work allegedly because her "condition" of recurrent depression and polysubstance dependence, makes her alleged impairment chronic and causes sporadic exacerbations. Dr. Soverinsky fails to support this opinion with any medical evidence separating the depression from the polysubstance abuse nor that the depression is a contributing factor to the substance abuse. There is no indication in the medical evidence of record to support that claimant has had depressive episodes more than on (1) or two (2) times a year. However the record does not show that the depression itself lasts from one to three months. Since the alleged onset date claimant has been in substance abuse treatment facilities of which two lasted for three months. The undersigned assigns "little" weight to the medical opinion of Dr. Soverinsky, the treating physician.

(TR 35.) Notably, the ALJ did not err in assigning controlling weight to Dr. Soverinsky's opinion where the opinion made a determination of disability, which is an issue reserved for the commissioner. Moreover, though, while the ALJ did not specifically discuss the § 1527(c) factors, her determination is supported by substantial evidence and is sufficiently specific to make clear to Plaintiff and the Court the weight given to Dr. Soverinsky's opinion and the reasons for her decision. Plaintiff's Motion should be denied.

## VI. Conclusion

For the reasons discussed above, Plaintiff's Motion for Summary Judgment [13] should be DENIED and Defendant's Motion for Summary Judgment [14] should be GRANTED.

**REVIEW OF REPORT AND RECOMMENDATION**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated:   December 21 2015        s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served on counsel of record on this date.

Dated:   December 21, 2015       s/ Lisa C. Bartlett
                                 Case Manager