UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY L. DEMYERS,

          CASE NO. 14-cv-13543
    Plaintiff,          HONORABLE GEORGE CARAM STEEH

    v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

OPINION AND ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (DOC. #15),
OVERRULING PLAINTIFF'S OBJECTIONS (DOC. #16),
DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT (DOC. #13), GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (DOC. #14) AND DISMISSING CASE

This matter is before the court on the parties' cross-motions for summary judgment. Plaintiff Amy Demyers appeals from the final decision of the defendant Commissioner of Social Security denying her application for Disability Insurance Benefits and Supplemental Security Income. Plaintiff alleges that, since July 1, 1997, she has been disabled due to depression, bipolar disorder, and hepatitis C. The matter was referred to Magistrate Judge Mona Majzoub for issuance of a Report and Recommendation. The magistrate judge recommends that plaintiff's motion for summary judgment be denied, that the commissioner's motion for summary judgment be granted, and that the findings of the commissioner be affirmed. Plaintiff has filed objections to the magistrate judge's report and recommendation. For the reasons that follow, the report and recommendation will be

-1-

accepted, plaintiff's objections will be overruled and her motion for summary judgment denied, and the commissioner's motion for summary judgment will be granted.

## I. BACKGROUND

The magistrate judge's report and recommendation incorporated the parties' detailed factual recitation given that there were no material differences between the parties. The court also adopts and incorporates by reference the facts outlined in the parties' factual recitations without restating the facts in this order. The court discusses the facts necessary to resolving the objections below.

## II. LEGAL STANDARDS

### A. Review of Commissioner's Decision

An individual may obtain review of any final decision made after a hearing by the Commissioner of Social Security by filing an action in federal district court. 42 U.S.C. § 405(g). The court may affirm, modify, or reverse the commissioner's decision, with or without remand. *Id.* Findings of fact by the commissioner are conclusive if supported by substantial evidence. *Id.* The commissioner's decision must be affirmed if the decision is supported by substantial evidence in the record and the commissioner applied the correct legal standard. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

### B. Review of Magistrate Judge's Report and Recommendation

A party may file timely written objections to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." *Id.* "A judge of the court may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

## III. DISCUSSION

Plaintiff raises three objections to the magistrate judge's report and recommendation. The court discusses the objections in turn.

### A. Whether The ALJ's Decision Was Supported By Substantial Evidence

First, plaintiff argues that the magistrate judge erred in concluding that the ALJ's decision was supported by substantial evidence. Specifically, plaintiff contends that the ALJ misconstrued medical evidence and testimony, ultimately resulting in an inadequate residual functional capacity ("RFC") assessment. Relying on *Bowen v. Commissioner*, 478 F.3d 742 (2007), plaintiff argues that the ALJ erred in applying a Social Security Administration ("SSA") regulation, and, therefore, a remand is appropriate. The court disagrees.

After weighing all of the evidence, the ALJ determined that plaintiff's mental impairments limited her ability to concentrate for extended periods of time, and affected her ability to understand, remember, and carry out detailed instructions. Thus, the ALJ concluded that any work plaintiff performs must be low stress without involving the general public or work at a production pace.

Plaintiff argues that the ALJ's findings overlook her testimony describing the severity of her depression and anxiety, and her history of substance abuse. Given her testimony, plaintiff argues that the ALJ should have ordered a consultative examination by a qualified psychologist or psychiatrist pursuant to 20 C.F.R. § 404.1503(e).

The magistrate judge correctly concluded that the ALJ's decision was based on substantial evidence. The ALJ's thoughtful analysis explaining how she reached the decision about plaintiff's RFC cites in detail to substantial evidence supporting the ALJ's conclusion. *See* (Doc. #11-2 at 34–38). The Sixth Circuit has made clear that "[s]ubstantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1233 (6th Cir. 1993). Here, a reasonable mind could accept the evidence as supporting the ALJ's conclusion.

To the extent that plaintiff argues for remand because the ALJ did not order a consultative examination by a qualified psychologist or psychiatrist, her argument lacks merit. 20 C.F.R. § 404.1503(e) states, in pertinent part, that "in any case where there is evidence which indicates the existence of a mental impairment, [a determination] will be made only after every reasonable effort has been made to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment." The record reveals that, on September 8, 2008, the plaintiff attended a consultative examination with Hugh D. Bray, Ph.D, a state agency doctor who diagnosed plaintiff with bipolar disorder and a history of substance abuse. The ALJ gave Dr. Bray's report "great weight." (Doc. #11-2 at 36). In addition, Zahra Yousuf, M.D. completed a Psychiatric Review Technique form and a mental RFC assessment of plaintiff on November 21, 2008, which the ALJ also gave "great weight." Plaintiff's argument that the ALJ did not order the appropriate examinations is without merit.

For these reasons, plaintiff's first objection will be overruled.

### B. The RFC Determination

Second, plaintiff argues that the ALJ's RFC assessment was in error because the ALJ failed to consider the effect of plaintiff's severe mental impairments on plaintiff's functional ability. As explained above, however, the ALJ thoroughly considered all of the evidence in reaching her conclusion. The ALJ's RFC determination is supported by substantial evidence. Thus, plaintiff's second objection will be overruled.

### C. Weight Placed On Medical Evidence

Finally, plaintiff argues that the ALJ erred in her assessment of the medical evidence in the record. Specifically, plaintiff argues that the ALJ improperly discounted the opinion of plaintiff's treating physician, Dr. Soverinsky. Dr. Soverinsky opined that plaintiff is disabled from all work because her recurrent depression and polysubstance dependence causes chronic and sporadic exacerbations. The ALJ reasoned that Dr. Soverinsky's opinion was entitled to little weight because (1) nothing in the record shows that plaintiff's depressive episodes occur more than one-to-two times per year, and (2) Dr. Soverinsky did not support his opinion with any medical evidence. Dr. Soverinsky's opinion was contradicted by Dr. Yousuf's mental RFC assessment.

The ALJ properly discounted Dr. Soverinsky's opinion. An opinion of a treating physician is entitled to deference unless it is inconsistent with the other substantial evidence in the record, *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009), or there are "good reasons" to reject the treating physician's opinion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). As explained above, the ALJ provided good reasons for rejecting Dr. Soverinsky's opinion. Thus, plaintiff's objection will be overruled.

IV. CONCLUSION

For the reasons explained above, the Court ACCEPTS the magistrate judge's report and recommendation (Doc. #15), OVERRULES plaintiff's objections (Doc. #16), DENIES plaintiff's motion for summary judgment (Doc. #13), GRANTS the commissioner's motion for summary judgment (Doc. #14) and DISMISSES this case.

IT IS SO ORDERED.

Dated: January 21, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 21, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---